[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12979

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:08-cr-80073-RS-1

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Frank Jackson, a federal prisoner, appeals the district court's order denying his motion for compassionate release. After careful consideration, we affirm.

**I.**

In 2008, Jackson pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of brandishing a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). For these crimes, the district court imposed a total sentence of 300 months' imprisonment. Jackson appealed his sentence, and we affirmed. *See United States v. Jackson*, 369 F. App'x 984 (11th Cir. 2010) (unpublished).

In 2020, Jackson filed a motion for compassionate release. He argued that extraordinary and compelling reasons supported his request for a sentence reduction. He had previously contracted COVID-19 while incarcerated. He explained that it took the prison more than six weeks to diagnose him, and during that period his condition deteriorated. He developed pneumonia in both his lungs and required hospitalization. Even several months after he was released from the hospital, he continued to experience a persistent cough as well as shortness of breath, headaches, and dizziness. When Jackson sought medical treatment for his cough, prison medical staff told him that there was nothing they could

do. In addition, Jackson suffers from obesity. He argued that these conditions put him at risk of developing severe health consequences if he contracted COVID-19 again.

Jackson further argued that his release would not pose a danger to the community. He explained that if he were released, he had a place to live and a job lined up. And, he argued, the sentencing factors set forth at 18 U.S.C. § 3553(a)[1] supported reducing his sentence. He asserted that he had been rehabilitated while in prison and introduced evidence showing that while incarcerated he completed numerous educational programs, received positive work performance ratings, and had a limited disciplinary history.

The district court denied Jackson's motion for compassionate release. It concluded that (1) there were no extraordinary and compelling grounds for a sentence reduction and (2) a reduction was not warranted based on the § 3553(a) sentencing factors.

---

[1] Under § 3553(a), a district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id*. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

This is Jackson's appeal.

## II.

We review for abuse of discretion a district court's denial of a compassionate release request. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion when it commits a clear error of judgment, "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* at 911–12.

## III.

Under § 3582(c)(1)(A), a district court may reduce an imposed term of imprisonment if, after considering the § 3553(a) factors, it concludes that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with" the applicable policy statement in the Sentencing Guidelines: § 1B1.13. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). "[T]he only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

The application notes for § 1B1.13 set forth four categories of "extraordinary and compelling reasons" for purposes of compassionate release: (A) serious or terminal medical conditions, (B) advanced age, (C) family circumstances, and (D) "[o]ther [r]easons . . . [a]s determined by the Director of the Bureau of

Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(A)–(D). Under our precedent, courts may not decide the contents of that fourth catch-all category of other reasons—such discretion is reserved solely for the Director of the Bureau of Prisons. *See Bryant*, 996 F.3d at 1262–65.

On appeal, Jackson argues that he satisfied the extraordinary and compelling reasons requirement because he demonstrated that he suffered from a serious medical condition as set forth under § 1B1.13. We disagree.

The commentary to the Sentencing Guidelines explains that a defendant's medical condition qualifies as an extraordinary and compelling reason justifying compassionate release when the defendant is suffering "from a serious mental or physical condition" from which he "is not expected to recover" *and* that condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A). Here, even assuming Jackson has shown that he continues to have a serious physical condition from which is not expected to recover, there is nothing in the record indicating that his condition "substantially diminishes" his ability to provide self-care in prison. *Id.* Accordingly, we conclude that the district court did not abuse its discretion in concluding

that Jackson failed to establish an extraordinary and compelling reason for a sentence reduction.[2]

**AFFIRMED.**

---

[2] On appeal, Jackson also challenges the district court's alternative determination that the § 3553(a) factors did not favor a sentence reduction. He argues that the district court's analysis of the § 3553(a) factors was so cursory that the decision was inadequate to allow for meaningful appellate review. Because we conclude that Jackson failed to demonstrate an extraordinary and compelling reason for a sentence reduction, we do not reach his argument challenging the district court's analysis of the § 3553(a) factors. *See United States v. Tinker*, 14 F.4th 1234, 1238 (11th Cir. 2021).